# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2023

Lyle W. Cayce
Clerk

_____

No. 21-51062

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Bell,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-179-1

_____

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Joshua Bell appealed the district court's order entered October 11, 2021, denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Bell contended that the district court erred by failing to provide a sufficiently detailed explanation for denying his motion.

Upon initial consideration of Bell's appeal, we agreed and remanded for the limited purpose of having the district court clarify its reasons for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denying Bell's motion. *United States v. Bell*, No. 21-51062, 2023 WL 4836667 (5th Cir. July 27, 2023) (per curiam). We reasoned that we had remanded similar cases where the district court had "articulated its reasoning for denying a motion for compassionate release via a perfunctory sentence referencing the parties' filings, the [18 U.S.C.] § 3553(a) factors, and the Sentencing Commission's policy statements." *Id.* at *2.

Bell's underlying motion seeks a reduction of his sentence to "time served, or in the alternative, . . . to a term the Court deems appropriate." In its order issued on remand, the district court expanded on its reasons for denying the motion, emphasizing the serious nature of Bell's crime, including Bell's detailed planning of the robbery and the fact that a guard "suffered multiple gunshot wounds . . . causing permanent damage to his left foot and the right side of his chest." Furthermore, the district court found that "Bell has been far from the model prisoner" since his sentencing. It noted that Bell "had been sanctioned eleven times while serving his sentence: three times for assault, three times for fighting another person, three times for possessing a dangerous weapon, once for being in an unauthorized area, and once for tattooing or self-mutilation." Finally, the district court found that Bell was healthy and "raise[d] no physical or medical condition for the Court to consider."

Applying the § 3553(a) factors to those facts, the district court determined that a reduction of Bell's sentence "would not reflect the seriousness of his offense, would not promote respect for the law, would not provide just punishment for the offense, would not adequately deter criminal conduct, and would not protect the public from further crimes." *See* § 3553(a)(1)–(2).

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433

(5th Cir. 2021). "[A] prisoner seeking compassionate release must overcome three hurdles." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). "First, 'extraordinary and compelling reasons' must justify the reduction of his sentence." *Id.* (quoting § 3582(c)(1)(A)(i)).[1] "Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting § 3582(c)(1)(A)). And third, "the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in . . . § 3553(a)." *Id.* "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Id.* (quoting *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)).

Assuming *arguendo* Bell clears the first two hurdles, he fails to clear the third.[2] The district court considered the specific facts of Bell's crimes and his behavior while in prison and determined that the § 3553(a) factors counseled against a reduction in Bell's sentence. Based on those findings, Bell has not shown that the district court abused its discretion by denying his motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (noting that "we give deference to the district court's decision" because it

---

[1] Bell contends the district court erred by finding that the policy statements and commentary in United States Sentencing Guideline § 1B1.13 were binding as to what constitutes "extraordinary and compelling reasons" for release. The district court made no such finding in its original order or its order on remand. Moreover, though Bell is correct that § 1B1.13 "does not bind a district court when considering a prisoner's motion for compassionate release[,] . . . [it] may inform the district court's analysis." *Jackson*, 27 F.4th at 1090 (cleaned up).

[2] The district court did not expressly discuss whether extraordinary and compelling reasons justified Bell's release or whether a reduction would be consistent with applicable policy statements. But it did note Bell's young age and overall good health in denying the motion. *See* U.S.S.G. § 1B1.13 cmt. n.1 (suggesting that extraordinary and compelling reasons for release exist if the prisoner is suffering from a serious medical condition or based on his advanced age).

No. 21-51062

"is in a superior position to find facts and judge their import under § 3553(a) in the individual case").

AFFIRMED.